IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| PHILLIP CORDELL FIKES, as the personal representative of the Estate of PHILLIP DAVID ANDERSON, <br><br>  Plaintiff, <br><br> v. <br><br> RON ABERNATHY, *et al.* <br><br>  Defendants. | Case No.: 7:16-cv-00843-LSC <br><br> (Opposed) |

**PLAINTIFF'S MOTION FOR HEARING TO ADDRESS CONFLICT OF INTERESTS ARISING FROM JOINT REPRESENTATION OF ALL DEFENDANTS AND INCORPORATED SUPPORTING MEMORANDUM OF LAW**

This action was brought against Defendants Tuscaloosa County, Sheriff Ron Abernathy, Chief Jailer Eric Bailey, Sergeant Kenneth Abrams, and Detention Officer Patrick Collard, alleging federal civil rights and state law claims against them, arising from the death of Mr. Phillip David Anderson at the Tuscaloosa County Jail.[1]

As the Court is aware, at all times since the beginning of this action, all of these defendants have been represented by the same defense counsel, Messrs. Wisdom and Spence.

On May 14, 2018, the Court entered an Order granting summary judgment on all then remaining claims as to Defendants Tuscaloosa County, Abernathy, and

---

[1] Claims under the Federal Tort Claims Act were also alleged against the United States of America based on the conduct of the medical providers with respect to Mr. Anderson's death. The United States of America has now admitted liability under the FTCA claims [Doc. 104] and such claims are not relevant to this motion.

Bailey and dismissed them all from this action.[2] [Docs. 99 & 100]

The claims remaining in the case as to these defendants, therefore are all state law claims for negligence, wantonness, and wrongful as to Defendant Collard and the §1983 deliberate indifference claim against Defendants Collard and Abrams. [*Id.*]

From the beginning of this case through the summary judgment stage, as in any civil rights case in which the same counsel represents a municipal defendant, various defendants with certain immunity defenses, and a defendant without such defenses, and especially when the municipal defendant pays the attorneys' fees, there is an inherent conflict of interests attending the representation.  It is a conflict that generally is held to be waiveable, but only after fully informed consent.[3]

---

[2]  All state law claims had been dismissed against Defendant Tuscaloosa County based on a finding that Plaintiff had failed to timely file a notice of claim as required by Alabama Code §§ 11-12-5 and 11-12-8. [Doc 45 at 9] Plaintiff respectfully takes exception to that ruling for a number of reasons, including that (1) he sent a detailed preservation letter to Sheriff Abernathy, a County policymaker, shortly after Mr. Anderson's death, thereby giving notice which should have satisfied the recognized purpose of the notice of claim requirement (this argument was expressly rejected by the Court - Doc. 45 at 9-10); (2) the County actually purports to have undertaken a full investigation of the circumstances surrounding Mr. Anderson's death, further satisfying the purpose of the notice of claim requirement; (3) in a wrongful death action the 12 month accrual period does not even begin to run until a personal representative has been duly appointed, *see Bishop v. Chilton County*, 990 So. 2d 287 (Ala. 2008), and in this case the Complaint, giving far more detailed notice than is required for a notice of claim, was filed less than 12 months after the issuance of the amended letters from the Probate Court appointing Mr. Fikes personal representative; but these arguments will have to raised before an appellate court if necessary as the issue has been resolved before this Court.  Plaintiff believes that Tuscaloosa County should remain a defendant in the case, at the very least for respondeat superior purposes on the state law claims; but again that argument has been settled by this Court and is, in any event, beyond the scope of this motion.

[3]  Some courts have declined to find the conflict waiveable, *see* e.g., *Shahid v. Jackson*, 521 F. Supp. 87, 89-90 (E.D. Tex. 1981)(Justice, C.J.)(finding potential conflict between City and its police officer not curable by waiver); *Johnson v. Clark Gin Serv.*, 2016 U.S. Dist. LEXIS 166206; 2016 WL 7017267 (E.D. La., December 1, 2016); but they are the exception.

As has been universally recognized since the decision in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), "... the interests of a municipality and its employee(s) as defendants in a section 1983 action are in conflict." *Dunton v. Suffolk County, State of New York*, 729 F.2d 903, 907 (2d Cir. 1984).

In *Dunton v. County of Suffolk*, 729 F.2d 903 (2d Cir. 1984), the Plaintiff sued a County police officer and the County for damages allegedly arising from injuries suffered by the officer's use of force and from an alleged cover up and conspiracy to cover up the true facts surrounding the incident. *Id*. at 906. Under local law applicable in the case, the County was responsible for providing counsel for its employees who were sued under § 1983 and, pursuant to the same, the County Attorney represented both the County and the individual police officer whose conduct was primarily at issue in the case. *Id*.

The United States Court of Appeals for the Second Circuit in *Dunton* reversed a judgment that the plaintiff had secured in the lower court, finding that defense counsel suffered under a conflict of interests similar to the conflict attending the joint representation in the instant case.

In doing so, while the Court faulted the defendant's own lawyer for not raising the conflict, it also found independent duties for the Court and for plaintiff's counsel to affirmatively act when notified about the existence of a potential conflict. *See also*, *Estates, Theatres, Inc. v. Columbia Pictures Industries, Inc.*, 345 F. Supp. 93, 98 (S.D.N.Y. 1972) ("Those attorneys

representing other parties to the litigation were obligated to report relevant facts [regarding conflict of interest of opponent's attorney] to the Court …. ") (Citing DR1-102).

The Court explained that "There are at least two reasons why a Court should satisfy itself that no conflict exists or at least provide notice to the affected party if one does. First, a court is under a continuing obligation to supervise the members of its bar … Second, trial courts have a duty 'to exercise that degree of control required by the facts and circumstances of each case to assure the litigants of a fair trial.'" *Dunton*, 729 F.2d at 909. (Citations omitted).

Further, "Where a conflict is serious and disqualification might be warranted, the district Court is under a duty to ensure that the client fully appreciates his situation. This Court has stated that 'When a potential or actual conflict of interest situation arises, it is the Court's duty to ensure that the attorney's client, so involved, is fully aware of the nature of the conflict and understands the potential threat to the protection of his interests.'" *Dunton v. County of Suffolk*, 729 F.2d 903, 908 (2d Cir. 1984), *citing, In re Taylor*, 567 F.2d 1183, 11919 (2d Cir. 1977).

The Court in *Dunton* rejected arguments that any error from the conflict had been waived by the failure of the defendant to raise any objections, finding that there is no reason to believe that a lay defendant would be sufficiently versed in the law of attorney conflicts to be expected to discern the nature of the conflict and to raise it on its own.

The right to a trial without a conflict of interests is, of course, the party's right and such right goes to the very integrity of the process and to the fundamental question of whether a party received a fair trial. The Court in *Dunton* made clear that where the court is aware of a potential conflict of interest, its duty is to inquire and to address the defendant directly, explaining the ways in which the potential conflict might manifest itself and to ensure that the party understands his or her rights and the risks involved in waiving any such conflict and proceeding with waiving any such conflict.

The obligation of a trial judge to supervise the conduct of attorneys appearing before it and to take appropriate action where there is the potential violation of ethical rules is well settled, as is the Court's power to affirmatively act, even on its own, to effectively address any such potential problem. *United States v. Straughter*, 950 F.2d 1223, 1233 (6th Cir. 1991)("When a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not").

With this obligation, comes the power to *sua sponte* disqualify another attorney whose presence in the case could cause an ethical violation which might affect a party's right to a fair trial. *See also Thompson v. Bache Halsey Stuart Shields, Inc.*, 1985 U.S. Dist. LEXIS 21837, *3-*5 (E.D. Pa. March 13, 1985).

The court in *Dunton* made clear that Plaintiff's counsel (along with all other participants in the process) not only has standing to raise the matter; he or she has an obligation to raise it or, as with the Plaintiff in *Dunton,* face the consequences

of having a judgment overturned when the individual defendant decides after losing at trial, that his attorney was conflicted.

Some courts within this Circuit have come to a different conclusion on standing, finding in cases both in the §1983 context and otherwise that Plaintiff's counsel does not have standing to raise the issue (or, in some cases, questioning whether he/she does), but concluding that such a conflict nevertheless requires fully informed consent in order for the joint representation to continue. *See e.g., Gibbons v. McBride*, 2014 U.S. Dist. LEXIS 151968, *8-*9 (S.D. Ga., October 27, 2014)(no standing for plaintiff absent a proven actual threat to the fair and administration of justice; but defense counsel must obtain informed consent of each defendant); *United States ex rel Friddle v .Taylor, Bean & Whitaker Mortgage Corp.*, 2012 U.S. Dist. LEXIS 42473, *28-*29 (N.D. Ga., March 27, 2012)(Plaintiff's standing in doubt; but defense counsel must obtain informed consent under Model Rule 1.7 in order to continue with multiple representation); *Lee v. Hutson*, 600 F. Supp. 957 (N.D. Ga. 1984)(same); *Herron v. Chisolm*, 2012 U.S. Dist. LEXIS 180297, 2012 WL 6645643 (S.D. Ga., December 19, 2012).

Plaintiff now respectfully asks the Court to address and resolve this matter at the earliest practicable juncture and in the manner the Court deems most appropriate in order to obtain the informed consent from Defendants Abrams and Collard waiving any conflict that might have attended this matter from the beginning, through the summary judgment process, and as the case proceeds, assuming they wish to continue with the same counsel.

Plaintiff would respectfully request that the Court address each Defendant and explain the conflicts arising from such joint representation, ensure that each Defendant understands the nature of the conflict, the potential consequences of such conflict, the implications of common representation (both the past common representation of all defendants with certain divergent interests and the continuing common representation of these two defendants), the advantages and risks involved, and their right to seek the advice of independent counsel, as well as the option to retain separate counsel.

Alternatively, if the Court finds that this process adequately can address the defendants rights and the independent interest in the integrity of the process unilaterally through the defense attorneys, then Plaintiff would ask the Court to at least require defense counsel to undertake the inquiry and advice process described above and provide the Court with a written response from each defendant, advising that he has been advised of each of these factors and has made his informed consent to the common representation and waives any issue concerning the same - or not if, instead, either wishes to be represented by other counsel.

The factors identified herein for the inquiry and advice process are those that the courts directed in the other cases from within this Circuit cited above. *See e.g., Gibbons*, 2014 U.S. Dist. LEXIS 151968 at *9-*9. A waiver that does not establish that each of these factors has been discussed with each defendant and has been fully considered and decided by the defendant risks being deemed an

invalid waiver. *See e.g., Johnson v. Clark Gin Serv.*, 2016 U.S. Dist. LEXIS 166206, *44-*45 (E.D. La., December 1, 2016)(finding conflict non-consentable, but even if consent were possible, the purported informed consent provided was insufficient to constitute informed consent).

Plaintiff wishes to be perfectly clear that this motion is in no way a motion to disqualify defense counsel. Quite to the contrary, it is Plaintiff's hope that each remaining defendant gives his informed consent and waives any potential or actual conflict and remains represented by these same attorneys if that is his choice; but Plaintiff believes the record must reflect such informed consent in order to proceed with the current representation.

There are, unquestionably, multiple conflicts arising from the joint representation in this case. The Court might find, however, that all such conflicts can be knowingly and voluntarily waived with a full understanding of all relevant factors and that following such a waiver, all defendants should be permitted to proceed in this case jointly represented by present counsel, consistent with the important interest all parties have in being represented by counsel of choice.

Present counsel undoubtedly are well known to this Court, have a great deal of experience in cases of this nature, are prominent members of the Bar of this Court, and have at all times been well qualified to represent all Defendants in this case. Moreover, there is every reason to believe that present defense counsel is counsel of choice for each Defendant and, assuming the Court is satisfied that all conflict questions have been satisfactorily resolved through a knowing and

voluntary waiver, the choice of counsel by each Defendant should be honored, once the integrity of the process has been assured. It can be assured simply by ensuring that all Defendants understand the conflicts and their rights with respect to the same and proceed in an informed manner.

It is respectfully submitted that all indications in this case thus far is that any conflict that might exist has not detrimentally affected any defendant. Defense counsel moved for summary judgment as to each of the defendants and the primary issue for summary judgment as to the municipal defendant was over a question of adequate funding which does not implicate any interest divergent from the other defendants.

However, following the decision on summary judgment, the undersigned approached defense counsel once again about the prospect for settling the case and defense counsel advised that these defendants are on their own as to the satisfaction of any judgment and that any money for a settlement would have to come from their own personal funds as they are not going to be indemnified by the County or any other entity. This is significant, both because the case involves the potential for a jury award of significant money damages and because there is a fee-shifting statute at issue for the §1983 claim, and Plaintiff's attorneys' fees and costs in this action, based on contemporaneously maintained records, already are well in excess of $250,000 and will be much higher through trial.

Plaintiff cannot afford to be in the position of having any defendant down the road, a la *Dunton*, argue that a judgment against him should be set aside

because defense counsel was burdened with a conflict at the summary judgment stage that led them to favor the County, the Sheriff, or the Chef Jailer over one or both of them or that the same was a factor at any stage in the proceedings. Fully airing the matter now will avoid that possibility.

Plaintiff respectfully submits that such a Hearing is the most appropriate forum and mechanism to ensure that each Defendant has a full understanding of all relevant factors and that any waiver he chooses to make in order to proceed with such joint representation is entirely knowing and voluntary. Direct contact with the court is the ideal. However, the Court's view of the best methodology will, of course, control.

Defense counsel have advised the undersigned that there is no insurance coverage in this case; therefore there is no need for representative from any carrier to be present as otherwise ought to be required to ensure counsel of choice.

On October 21, 2016, the undersigned contacted defense counsel and raised this conflict with them and suggested that the issue be brought before the Court. Defense counsel declined to respond. That now makes this motion necessary and the assumption from the lack of any response is that the motion is opposed.

                    Respectfully submitted,

                     /s/ David I. Schoen
                     David I. Schoen
                     (ASB-0860-O42D)

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of May, 2018, I caused the foregoing to be served on all counsel of record, by filing the same through this Court's ECF system.

       /s/ David I. Schoen
        David I. Schoen
       (ASB-0860-O42D)

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611
E-Fax: 917-591-7586
E-Mail: DSchoen593@aol.com; Schoenlawfirm@gmail.com
Counsel for Plaintiff